J-S10008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG LAMONT EZELL, JR. | : | |
| | : | |
| Appellant | : | No. 302 MDA 2020 |

Appeal from the PCRA Order Entered January 14, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0001445-2017

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.: **FILED JUNE 02, 2021**

Craig Lamont Ezell, Jr. (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we vacate and remand with instructions.

On January 24, 2017, the Harrisburg Police, accompanied by the United States' Marshal's Fugitive Task Force, entered a rooming house to serve an arrest warrant on Jamel Taylor. N.T., 6/19/18, at 5. While searching for Taylor, they detained the residents of the rooming house; they also discovered two 22-caliber rifles in different bedrooms during a safety sweep. *Id.* at 5-6. After obtaining a search warrant, the police found additional firearms as well as marijuana and drug paraphernalia in Appellant's room. *Id.* at 6.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On May 1, 2017, the Commonwealth charged Appellant with three counts of possession of firearms prohibited, and one count each of altering or obliterating marks of identification, possession of drug paraphernalia, and possession with intent to deliver.[1] On January 26, 2018, Plea Counsel filed a motion to suppress.

On June 19, 2018, Appellant entered a negotiated guilty plea to all charges. Plea Counsel explained that the U.S. Attorney was threatening to indict Appellant on federal charges if Appellant did not plead to the state charges. N.T., 6/19/18, at 3. He stated, "[t]his plea is in lieu of a federal indictment, per [the United States Attorney]." *Id.* Plea Counsel withdrew his suppression motion and reiterated that Appellant was entering his plea because of the threat of a federal indictment with the possibility of a harsher federal sentence. *Id.* at 3-4. He repeated, "This is in lieu of federal indictment. . . . [Appellant] has made this decision knowingly (*sic*) that federal indictment is not coming down now, and should he withdraw his plea, it will be." *Id.* at 4. The U.S. Attorney did not appear at the plea hearing and the record does not contain any communication or documentation from their office.

Sentencing took place on December 28, 2018. In the interim between Appellant's guilty plea and sentencing, the trial court granted the suppression

---

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 6117(a), and 35 Pa.C.S.A. §§ 780-113(a)(32) and (30), respectively.

motions filed by Appellant's co-defendants and the Commonwealth dropped the charges against them. N.T., 12/28/18, at 3. Plea Counsel acknowledged the state charges against Appellant could be dropped, but noted that the U.S. Attorney was still threatening to press federal charges against Appellant and Plea Counsel was unsure if a motion to suppress would be successful in federal court.[2] *Id.* at 3-4. Plea Counsel stated he was advising Appellant not to withdraw his guilty plea; Appellant agreed, and the court sentenced him to 5-10 years' imprisonment in accordance with the terms of the plea agreement. *Id.* at 3-9. Appellant did not file a direct appeal.

On May 17, 2019, Appellant, acting *pro se*, filed the instant timely PCRA petition. Appellant used the DC-198 form supplied by the Department of Corrections. On page 2, Appellant checked the boxes indicating he was entitled to relief because of ineffective assistance of counsel; an unlawfully induced guilty plea; and the unavailability of exculpatory evidence. PCRA Petition, 5/17/19, at 2. On page 4, Appellant stated:

> On Jan 24th, 2017 when the task force forced entry without a search warrant and the fact of the residence being a rooming house with separate apartments. The evidence obtained on the 2nd fl[oor] should not hold merit on petitioner [undecipherable] his separate address. It's a direct violation of petitioner 4th Amendment[.]
>
> * * *

_____

[2] Counsel did not explain why he thought the suppression motion might not be viable in federal court.

- 3 -

> The following facts were known to me after petitioner agreed to a term of 5 to 10 yrs. And I obtain my knowledge [undecipherable] my own research.

*Id.* at 4 (unnecessary capitalization omitted). The petition did not further indicate what claim(s) Appellant wished to raise.

On May 21, 2019, the PCRA court appointed PCRA Counsel and gave him 30 days to file an amended petition. Order, 5/21/19. Less than 30 days later, on June 17, 2019, PCRA Counsel filed a motion to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). PCRA Counsel indicated that he reviewed Appellant's *pro se* PCRA petition, "the docket sheet and file at the Dauphin County Clerk of Court's Office," and corresponded with Appellant. Motion to Withdraw as Counsel, 6/17/19, at unnumbered page 3.[3] Counsel did not attempt to rephrase, explain, or expand on Appellant's issue(s), but instead quoted Appellant's language from his *pro se* petition, *supra*, and concluded Appellant's guilty plea was knowing, intelligent, and voluntary. *Id.* at unnumbered pages 4-9.

Approximately two days later, without giving Appellant an opportunity to respond to Plea Counsel's motion to withdraw, the PCRA court granted the

---

[3] Based on the cites in the motion to withdraw, it appears PCRA Counsel reviewed the written plea colloquy and sentencing transcript, but not the notes of testimony from the plea hearing, which was transcribed at a later date. Motion to Withdraw, 6/17/19, at unnumbered pages 3 and 6.

motion and contemporaneously issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907.

After receiving extensions of time, Appellant, on November 11, 2019, filed a response to the Rule 907 notice; Appellant explained "Inmate Legal Reference Aids" helped him prepare the response. Response to Rule 907 Notice, 11/11/19, at 3. Appellant asserted PCRA Counsel sent him a single letter and ignored Appellant's request for "privileged calls." *Id.* at 6. Appellant also sought leave to file an amended PCRA petition to raise the issue of Plea Counsel's ineffectiveness because he "never informed [Appellant] that federal authorities retained full authority to criminally charge him under federal laws, whether or not [Appellant] elected to enter into a negotiated plea bargain under state law." *Id.* at 12. Finally, Appellant sought to raise a claim of ineffective assistance of PCRA Counsel. *Id.* at 12, 17.

On January 14, 2020, the PCRA court dismissed the petition. This timely appeal followed. On February 24, 2020, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). However, despite having granted PCRA Counsel's motion to withdraw more than eight months prior, it served the order on PCRA Counsel, not Appellant. The PCRA court did not rectify the error until two weeks later. On March 19, 2020, Appellant filed a timely Rule 1925(b) statement; on April 24, 2020, the PCRA court issued an opinion.

On appeal, Appellant presents the following four issues:

I.    Did the PCRA court violate [Appellant's] Federal and State Due Process rights and err by granting [PCRA counsel's] Motion to Withdraw as PCRA Counsel when the court gave [Appellant] no opportunity to receive and respond to that Motion, and improperly dismissed [Appellant's] PCRA petition, consistent with **Commonwealth v. Bush**, 2018 PA Super 271, 197 A.3d 285 and similar Pennsylvania laws; further, does the PCRA court's failure to serve [Appellant] with its Concise Statement Order after the withdrawal of PCRA Counsel excuse any alleged waiver of this issue?

II.    Certain that this issue would satisfy the mootness doctrine if necessary:  Did the PCRA court err under Pa.R.Crim.P. 907(1) by dismissing [Appellant's] *pro se* petition without "grant[ing] leave to file an amended petition" and without "direct[ing] that the proceedings continue," where correctable material-defects existed if the PCRA court considered the *pro se* petition "defective" and where [Appellant] corrected those defects in his timely raised claim of PCRA Counsel's ineffectiveness; further, should this Court announce a mandatory procedural-requirement that PCRA proceedings must continue below when petitioners timely raise PCRA counsel's ineffectiveness in a 907(1) response in the interest of judicial economy?

III.    Did the PCRA court err by finding [PCRA Counsel] effective[4] as PCRA Counsel for unreasonably failing to discover and raise [Plea Counsel's] ineffectiveness as Plea Counsel for affirmatively misadvising [Appellant] to plead guilty under federal duress, after independently reviewing the record and before seeking leave to withdraw, which would have afforded [Appellant] PCRA relief?

IV.    Did the PCRA court err by finding [Plea Counsel] effective as Plea/Sentencing Counsel for affirmatively misadvising [Appellant] to plead guilty "under federal duress" when [Plea Counsel] never informed [Appellant] about the Dual-Sovereignty doctrine and its application to his plea decision-making process, which invalidates [Appellant's] guilty plea under the circumstances of this particular case?

_____

[4] Appellant preserved his claim of ineffective assistance of PCRA Counsel by raising it in his response to the Rule 907 notice.  **See Commonwealth v. Pitts**, 981 A.2d 875, 879 n.3 (Pa. 2009).

Appellant's Brief at 4 (unnecessary capitalization omitted).[5]

It is well-settled law that in reviewing the denial of PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quotations and citations omitted). "To be entitled to PCRA relief, [an] appellant must establish, by a preponderance of the evidence, [that] his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2)." ***Id.***

In his first issue, Appellant contends the PCRA court violated his due process rights by granting PCRA Counsel's motion to withdraw without giving Appellant an opportunity to respond. Appellant's Brief at 13-20. We agree.

PCRA Counsel filed his ***Turner***/***Finley*** letter on June 17, 2019. His letter to Appellant advising him of his rights is dated the same day. There is no certificate of service attached to the motion to withdraw. The PCRA court granted the motion to withdraw and issued a Rule 907 notice two days later, on June 19, 2019.

In ***Commonwealth v. Bush***, 197 A.3d 285 (Pa. Super. 2018), this Court was faced with the same situation. It was unclear when the petitioner was served with the letter advising him of his rights, yet the PCRA court

---

[5] We reordered Appellant's issues for ease of disposition.

granted counsel's request to withdraw and issued Rule 907 notice three days after the motion was filed. ***Bush***, 197 A.3d at 288. We found the petitioner's due process rights had been violated, and reasoned:

> As our Supreme Court has explained, "due process requires that the post conviction process be fundamentally fair. Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." ***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1273 (2007) (citations omitted). In this case, Appellant was denied the opportunity to advocate for himself as to his claims and counsel's compliance with ***Turner*** and ***Finley*** before the PCRA court ruled that the petition lacked merit and allowed counsel to withdraw.

***Id.*** We thus vacated the order denying the petition and remanded for further proceedings. Likewise, Appellant's first issue merits relief.

In his second issue, Appellant contends the PCRA court erred by denying him leave to amend his *pro se* PCRA petition. Appellant's Brief at 31-38.[6] Again, we agree. Rule 907 provides:

Except as provided in Rule 909 for death penalty cases,

(1)   the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to postconviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge

---

[6] We decline Appellant's request to issue a mandate requiring all PCRA courts to "direct that proceedings continue" if a petitioner raises a claim of ineffectiveness of PCRA counsel in a response to a Rule 907 notice.

thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).

"Rule 907 pre-dismissal notice affords a petitioner the opportunity to seek leave to amend his petition and correct any material defects. The ultimate goal of this process is to permit merit review by the PCRA court of potentially arguable claims." *Commonwealth v. Weimer*, 167 A.3d 78, 86 (Pa. Super. 2017) (citations omitted). A PCRA court "may grant leave to amend or withdraw a petition for post-conviction collateral relief at any time. Amendment **shall be freely allowed** to achieve substantial justice." Pa.R.Crim.P. 905(A) (emphasis added). Moreover, amendment may be requested in response to a Rule 907 notice. *See* Pa.R.Crim.P. 907(1).

> PCRA courts are invested with discretion to permit the amendment of a pending, timely-filed post-conviction petition, and . . . the content of amendments [do not have to] substantively align with the initial filing. Rather, the prevailing rule remains simply that amendment is to be freely allowed to achieve substantial justice. The Court has recognized that adherence to such rules governing post-conviction procedure is particularly appropriate since, in view of the PCRA's time limitations, the pending PCRA proceeding will most likely comprise the petitioner's sole opportunity to pursue collateral relief in state court.

*Commonwealth v. Flanagan*, 854 A.2d 489, 499-500 (Pa. 2004) (citations omitted). *See also Commonwealth v. Mason*, 130 A.3d 601, 627 (Pa. 2015) ("The petitioner bears the onus of informing the PCRA court that he or she seeks to add claims through an amended petition, and, in response, the court shall freely grant leave to amend where doing so achieves substantial

- 9 -

justice consistent with the dictates of Pa.R.Crim.P. 905(A)."); **Commonwealth v. Boyd**, 835 A.2d 812, 816 (Pa. Super. 2003) (noting it was within PCRA court's discretion to consider supplemental issues raised by petitioner after counsel was permitted to withdraw pursuant to **Turner**/**Finley**). Rule 905(A) has been interpreted to "expressly allow [ ] a [PCRA] court substantial latitude to permit the amendment of the petition at any time after the petition's initial filing." **Boyd**, 835 A.2d at 816.

Here, the PCRA court denied Appellant's request for leave to amend his PCRA petition, and subsequently stated "there were no correctable defects in his *pro se* petition." PCRA Court Opinion, 4/24/20, at 5. However, this conclusion is belied by the court's earlier finding that Appellant failed to provide "supporting facts" for claims that he received ineffective assistance of counsel or entered an unlawfully induced plea. **Id.**

As previously noted, Appellant's *pro se* PCRA petition was somewhat indecipherable. In contrast, his assisted response to the Rule 907 notice articulated his request to raise a claim of ineffective assistance of PCRA Counsel and provided facts in support of his claim of ineffective assistance of Plea Counsel resulting in an unlawfully induced guilty plea. Both claims may have merit. Also, the PCRA court did not cite any legal authority in concluding amendment was only permissible to correct defects in the original petition. The Pennsylvania Supreme Court has stated that leave to amend should be "freely granted" to allow for the achievement of "substantial justice." **Mason**,

130 A.3d at 627. Thus, we find the PCRA court erred in denying Appellant's request for leave to file an amended PCRA petition.

In his third issue, Appellant contends he received ineffective assistance of PCRA Counsel. Appellant's Brief at 28-30. As noted above, this claim has arguable merit.

A petitioner is entitled to counsel on a first PCRA petition, and appointed counsel "shall be effective throughout the post-conviction collateral proceedings. . .). **See** Pa.R.Crim.P. 904(C), (F)(2); **see also Commonwealth v. Figueroa**, 29 A.3d 1177 (Pa. Super. 2011); **Commonwealth v. Robinson**, 970 A.2d 455 (Pa. Super. 2009) (*en banc*). Concomitantly, our Supreme Court has recognized the right to effective assistance of PCRA counsel. **See Commonwealth v. Jones**, 815 A.2d 598 (Pa. 2002). "[**D**]ue process requires that the post conviction process be fundamentally fair. . . . Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner.**" **Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007) (emphasis added). The **Bennett** court explained, "In this same vein, while the performance of PCRA counsel is not necessarily scrutinized under the Sixth Amendment, the performance of counsel must comply with some minimum norms. . . ." **Id.** at 1273-74.

Here, it appears PCRA Counsel failed to "comply with minimum norms." First, the record shows that despite Appellant's claims being grounded in the

issue of the voluntariness of his guilty plea, PCRA counsel did not order transcription of the notes of testimony from the plea hearing, and instead relied on the four-page written plea colloquy to assess the voluntariness of Appellant's plea. *See* Motion to Withdraw as Counsel, 6/17/19, at unnumbered page 4; Written Guilty Plea Colloquy, 6/19/18, at 1-4. Had PCRA Counsel read the notes of testimony, he would have been alerted to the unique circumstances surrounding Appellant's guilty plea. Appellant also asserts PCRA Counsel refused his request for a telephone conversation, which the Motion to Withdraw confirms. Motion to Withdraw, 6/17/19, at unnumbered page 3. While telephone communication is not required, the unique circumstances of this case — including the facts surrounding the guilty plea and the sparseness of the *pro se* PCRA petition — indicate that telephone communication would have been advisable. In sum, Appellant's third issue has arguable merit.

Lastly, Appellant claims he received ineffective assistance of Plea Counsel. Appellant's Brief at 21-27. Although the record is not fully developed, it appears this issue may have merit.

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an

involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (citations omitted).

We presume counsel is effective, and Appellant has the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Jones***, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See Jones***, 815 A.2d at 611. Where, as here, Appellant pled guilty, in order to satisfy the prejudice requirement, he must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Rathfon***, 899 A.2d at 370 (citation omitted).

We recognize a defendant may enter a guilty plea for a number of reasons, including to protect himself from greater sentencing exposure (in federal court or otherwise). However, where Appellant pled to what everyone appeared to believe were weak or untenable state charges, and that decision was based on the belief that a plea would avoid federal charges, it was especially incumbent on Plea Counsel to ensure — and document on the record — that Appellant knowingly and voluntarily entered the plea for his benefit. The record in this regard is undeveloped. Therefore, the PCRA court erred in not providing Appellant with an opportunity to respond to PCRA Counsel's motion to withdraw before granting it, and in denying Appellant's request for leave to amend his PCRA petition. Moreover, Appellant's claims of ineffective assistance of PCRA and Plea Counsel have arguable merit. Accordingly, we vacate the court's order dismissing the PCRA petition. We remand for the PCRA court to appoint new PCRA counsel, grant new PCRA counsel leave to file an amended PCRA petition to include Appellant's claims of ineffective assistance of PCRA and Plea Counsel, as well as any other meritorious issues, hold an evidentiary hearing, and proceed accordingly.

Order vacated.  Case remanded with instructions.  Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2021